## Shallcross et al. v. Scott et al.

*Charles I. Thompson* and *Robert Brigham*, for plaintiffs.
*Robert G. Erskine* and *M. Hampton Todd*, for defendants.

STERN, P. J., December 27, 1934.—The defendants, together with McHugh, were the officers and directors of Auto Realty Company and the owners of a large part of its stock. The company borrowed $90,000 from First National Bank of Philadelphia, the loan being secured by two mortgages, one of $75,000 and one of $15,000, and as collateral the defendants and McHugh signed and delivered to the bank a bond conditioned for repayment of the loan. The company, through its attorney, Mr. Donoghue, made application to Philadelphia Company for Guaranteeing Mortgages (the plaintiff in the present proceeding) to take an assignment of the $75,000 mortgage, which the plaintiff agreed to do on condition that individual collateral bonds of McHugh and the defendants should accompany the mortgage. The defendants and McHugh discussed the matter with Mr. Donoghue, with the result that the terms of the plaintiff were accepted and McHugh and the defendants agreed to give the collateral bonds requested. A meeting for settlement was had at the office of Real Estate-Land Title & Trust Company, and a collateral bond, which had previously been prepared, was thereupon signed by the defendants, McHugh not being present. The defendants testified that Mr. Scott, one of the defendants, stated to the settlement clerk that the bond should not be used unless McHugh's signature

was on it. Mr. Donoghue delivered the bond to the plaintiff, accompanied by a letter in which he gave his assurance that McHugh, who was then out of town, would, upon his return, add his signature to the collateral bond. The plaintiff thereupon advanced the $75,000, which was used to satisfy that amount of the loan at First National Bank of Philadelphia and the obligation of McHugh and the defendants on their collateral bond to First National Bank.

The plaintiff having entered judgment on the collateral bond signed by the defendants, the present proceeding is on a petition by them to open the judgment on the ground that McHugh never signed it, that therefore it is invalid, and that there is no liability thereon of the defendants.

The defendants contend that at the settlement Mr. Scott, one of the defendants, stated to the settlement clerk that the bond was not to be used unless McHugh signed it. The plaintiff argues that this testimony is not confirmed by any of the other persons present at the settlement. The defendants further contend that Mr. Donoghue represented only Auto Realty Company and not the individual defendants, and therefore did not bind the latter when he delivered the bond to the plaintiff without first obtaining McHugh's signature thereto. The plaintiff argues that as to this particular transaction Mr. Donoghue did represent the individuals as well as the company, there being no other lawyer who took part in reference to the matter of the collateral bond. It is admitted by all the parties that the alleged condition that the bond was not to be used unless signed by McHugh was not brought to the attention of the plaintiff, but the defendants contend that the bond on its face showed that it was intended to have three obligors and that only two of them signed, and that this circumstance was sufficient to put the plaintiff upon inquiry. The plaintiff argues however that the law in Pennsylvania is to the contrary, and that in the absence of actual notice of an alleged invalidating condition the plaintiff was justified in accepting the bond and may now hold those who signed, even if another person who also should have signed the bond failed to do so.

These contentions of the parties involve questions as to the proper inferences to be drawn from the testimony and also disputes as to the law, but in the opinion of the court it will not be necessary to decide them because, as the court views the situation, the rule to open the judgment should be discharged even though all the questions thus involved were resolved in favor of the defendants.

The defendants admit that they and McHugh were to give their individual collateral bonds to the plaintiff; they admit that the plaintiff performed all its obligation by turning over the $75,000 which it had contracted to loan, and that the defendants and McHugh received the benefit of the loan, not only because of their interest in Auto Realty Company but also because their individual collateral liability to First National Bank was canceled by the payment to the latter of the $75,000. Having therefore received all the fruits of the contract, they present the unusual argument that because one of the three associates did not carry out his obligation the other two should be relieved of their obligation, thus depriving the plaintiff of its rights under the contract, not because of any failure of performance on its part but because one of their own number did not perform.

A petition to open a judgment is directed to the equity powers of the court, and certainly the court should not exercise those powers if the result would be highly unjust and inequitable, unless equity be done by the petitioner. The defendants and McHugh agreed that they would give their individual collateral bonds to the plaintiff. The defendants testified that all of them were to sign

the bond, but they expressly admit that Mr. Donoghue told them what the plaintiff demanded as a condition upon which the loan was to be granted, that they saw the plaintiff's letter calling for individual collateral bonds, and that they authorized Mr. Donoghue to accept the loan on such condition. In short, they agreed that they would give bonds which would have established, as far as the rights of the plaintiff were concerned, full liability of each of the defendants and McHugh for the complete amount of the obligation. It is true that it might be argued that they made this argeement with Auto Realty Company, but it was made for the benefit of the plaintiff and as part of a single transaction. The plaintiff gave consideration for this promise, and both Auto Realty Company and the defendants received the benefits of that consideration. According to every principle of third party beneficiary law, the plaintiff could sue the defendants and McHugh and each of them for their and each of their collateral bonds. Even if, therefore, there were any technical reason why a recovery could not be had on the present bond (which, however, the court is far from deciding), the plaintiff could immediately call upon the defendants to give their individual bonds to replace the present one (which the defendants allege is invalid), in pursuance of their admitted agreement so to do. Therefore, even if the court were to open judgment in the present case, every consideration of equity would require that such action be on condition that the defendants execute and deliver such bonds to the plaintiff, and of course that would be merely a useless formalism equivalent to refusing the present petition.

To state the matter in another way: The defendants received the benefit of $75,000 from the plaintiff, to which neither they nor McHugh nor Auto Realty Company was entitled if the present collateral bond is ineffective. They should therefore be called upon in equity to return the money before they can properly ask that the judgment on the present bond should be opened.

Neither is it understood how the defendants have been harmed by the failure of McHugh to sign the collateral bond. Had he done so and the defendants were now called upon to meet the entire liability to the plaintiff, they could have sued McHugh for his contributing share, but even though he did not sign the bond they can nevertheless sue him (or his estate, he having died) for such share just the same. As he agreed to participate in the liability, they can sue him for his failure to do so, and such an action would be just as effective if based on the agreement to join with them in collateral obligations to secure the loan as it would have been had he actually signed the bond and they were to sue him on that instrument.

Indeed, it seems an extraordinary proposition for the defendants to ask the court to open this judgment against them merely because their associate did not give a collateral bond, while they, in performance of their admitted obligation so to do, did give their bond, especially as in asking that their obligation be declared invalid they do not offer either to return the money received from the plaintiff or to sign and deliver to the plaintiff their bonds to take the place of the one which they say is ineffective.

As far as the New Jersey case cited by the defendants is concerned, there are several features which distinguish it from the present case, but even if there were no such distinguishing elements the court could not accept it as authority, because it rests in part upon a principle which is not in accord with the law of Pennsylvania and also because it produces an apparently gross miscarriage of justice.

The rule to open the judgment is discharged.